## Commonwealth *v.* Dorman, Appellant (No. 1).

*Trial—Charge—Conspiracy.*

A trial judge in trying an indictment for conspiracy cannot be convicted of error in failing to call the jury's attention to evidence introduced by the defendants as to certain explanatory circumstances, where it appears that such circumstances had no bearing on the question whether the defendants had formed a conspiracy, since they arose subsequently to the overt acts, and as to these, explained nothing.

Argued Nov. 18, 1902. Appeal, No. 7, Feb. T., 1903, by defendant, from judgment of Q. S. Lycoming Co., March T., 1902, No. 65, on verdict of guilty in case of Commonwealth v. Henry W. Dorman and Charles N. Purvis. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for conspiracy. Before HART, P. J.

At the trial it appeared that the offense charged was a conspiracy to obtain goods under false pretenses. The commonwealth introduced evidence which tended to show that the conspiracy was accomplished and carried out by Dorman getting possession of goods by and through favorable recommendations given him by Purvis, who claimed to be a private banker in the city of Williamsport. The commonwealth offered in evidence various letters of Dorman to different people asking for quotations and prices on various articles of merchandise in which he dealt, these letters giving Purvis as reference. The letters of Purvis to these different parties giving a favorable recommendation of Dorman were also produced. Four or five different parties from whom Dorman obtained goods were also

produced in court to show that they shipped these goods upon the recommendation of Purvis. They also proved that Purvis was not doing what is generally known as a general banking business. The defendants offered evidence which tended to show that Dorman had been in a regular business at an established stand, and that he had succeeded his father in the business.

The court charged in part as follows :

Now, we say to you that if the jury believe from all the evidence in these cases that Henry W. Dorman, one of these defendants, knew that Charles N. Purvis was not a banker doing what an ordinary business-man would understand to be a banking business, and that Purvis & Company were not in reality a banking establishment doing a banking business in the city of Williamsport, and with such knowledge, procured Charles N. Purvis to write letters under the name and style of Purvis & Company, bankers, to persons from whom he, Dorman, desired to obtain credit, therein recommending said Dorman as worthy of credit, or the same in substance ; and you find that Charles N. Purvis did write such letters at the instance and request of Henry W. Dorman to E. J. Billings & Company, with intent to cheat and defraud said E. J. Billings & Company, by obtaining for said Henry W. Dorman a false credit, then we say to you that you would be justified in finding that these two persons, the defendants here, are guilty of conspiracy, as charged in indictment No. 65.

We say further to you that if you believe from all the evidence, that letters of the same character were procured by Henry W. Dorman to be written by Charles N. Purvis to J. W. Craige & Son, and to other persons, for a similar purpose, you would be justified in finding a verdict of guilty as charged against Charles N. Purvis and Henry W. Dorman in indictment No. 66. No man has a right in any community to set himself up as a private or public banker, unless he is actually such as understood by business men, for the purpose of obtaining for himself or others a false credit; nor has he a right to set himself up as a banker unless he actually is such, if he makes use of that position for the purpose of obtaining a false credit for anybody else for the purpose of cheating or defrauding

anybody. The law does not permit any such thing. It makes little difference by what style a man may be known provided he does not make use of that for the purpose of obtaining a false credit for himself or for the purpose of obtaining a false credit for anybody else in order to cheat or defraud. And if two persons conspire together to make use of such device for the purpose of cheating and defrauding, they would be guilty under the law, as we understand it, of conspiracy, as defined in this statute.

The evidence in this case is entirely for you; there is little dispute about very much of it that is before you. The fact of these letters having been written, the character of them, the fact of Charles N. Purvis holding himself out as a banker and the fact of these goods having been received here from persons to whom these letters were written, there is, as I understand, no dispute.

The character of the business Charles N. Purvis has been doing is scarcely in dispute; he has been on the stand and related it himself, and it is for you to take into consideration all this testimony. It would make little difference what transpired after a conspiracy was once formed and the false credit obtained by means of what is alleged here to be an unlawful device. It would matter very little what occurred subsequent to that with reference to whether the goods shipped were exactly as represented or not. The whole case turns upon the simple, solitary question, did these two defendants conspire together to cheat and defraud? If they did, then this crime is made out; it would make very little difference what followed, if they did actually conspire for that purpose.

There has been considerable evidence introduced here with reference to the fact that Mr. Dorman, after he obtained the goods that had been shipped after the letters of Mr. Purvis had been written, offered these goods at a price much less than he actually paid for them. Of course, that is a circumstance in these cases, but the whole question is before you, Did these two men conspire to cheat and defraud? and if you are satisfied that they did, then you can return a verdict of guilty in manner and form as they stand indicted.

Verdict of guilty as to both defendants upon which judgment of sentence was passed.

Assignment of Errors—Opinion of the Court. [22 Pa. Superior Ct.

*Error assigned* was that the court in its charge submitted the evidence and the theory of the commonwealth prominently and fully to the jury, and totally failed to call their attention to the main points of the defense.

*N. M. Edwauds*, with him *George B. M. Metzger*, for appellants, cited: Gehman v. Erdman, 105 Pa. 371; Reber v. Herring, 115 Pa. 599.

*W. H. Spencer*, for appellee, cited: McNeile v. Cridland, 6 Pa. Superior Ct. 428; Walton v. Caldwell, 5 Pa. Superior Ct. 143.

OPINION BY SMITH, J., January 20, 1903:

While the trial judge, in the charge, very properly laid before the jury the essential features of the evidence for the prosecution, we cannot say that he dwelt on it to an unwarrantable degree. Still less can we hold that he "neglected to call like attention to testimony on behalf of defendants." It was the misfortune of the defendants that the evidence on their part presented nothing material in the nature of a defense to the charge, and that cross-examination brought out features damaging to themselves. It contained nothing in their favor to which attention could be called. The explanatory circumstances which it introduced had no bearing on the question whether the defendants had formed a conspiracy to defraud, since they arose subsequently to the overt acts, and, as to these, explained nothing. The issue was fairly submitted to the jury, upon the evidence, and, as the record shows no error, the judgment is affirmed.